UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELA CRUZ and HEROHITO DELA CRUZ,<br><br>       Plaintiffs,<br> v.<br><br>HSBC BANK USA, N.A., et al.,<br><br>       Defendants. | Case No. 2:12-cv-01283-MMD-PAL<br><br>ORDER<br><br>(Plfs.' Ex Parte Motion for Temporary Restraining Order – dkt. no. 14) |

Before this Court is Plaintiffs Cecilia Dela Cruz and Herohito Dela Cruz's Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why Court Should Not Impose a Preliminary Injunction (Emergency Motion). (Dkt. no. 14.) For the following reasons, Plaintiffs' Motion is denied.

**I. BACKGROUND**

Plaintiffs Cecilia Dela Cruz and Heohito Dela Cruz purchased real property located at 820 Windhook Street, Las Vegas, Nevada 89144 ("the Property") on July 30, 2007. (Dkt. no. 10-A.) To finance the purchase of the Property, Plaintiffs obtained a loan of $248,000 from MortgageIT, Inc. ("the Loan"), which was secured by a deed of trust ("the Deed of Trust"). (Dkt. no. 10-B.) The Deed of Trust names MortgageIT, Inc. as lender, Title One as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee. (*Id.*)

Plaintiff defaulted on the Loan by failing to make the mortgage payments starting on November 1, 2010. On February 10, 2011, MERS assigned the Deed of Trust to

HSBC Bank USA, N.A., as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-4 ("HSBC"). (Dkt. no. 10-C.) The Assignment was recorded on February 18, 2011. (*Id.*) On June 9, 2011, HSBC substituted Executive Trustee Services ("ETS") as trustee under the Deed of Trust. (Dkt. no. 10-D.) The Substitution of Trustee was recorded on June 23, 2011. (*Id.*)

ETS executed a notice of default on June 22, 2011, which was recorded on June 23, 2011 ("Notice of Default"). (Dkt. no. 10-E.) Because Plaintiffs failed to cure the default, ETS recorded a Certification of the State of Nevada Foreclosure Mediation Program on June 12, 2012 (dkt. no. 10-F), and recorded a Notice of Trustee's Sale on June 21, 2012 (dkt. no. 10-G). The Notice of Trustee's Sale scheduled a sale date of July 16, 2012. (*Id.*)

Plaintiffs filed a complaint in the Eighth Judicial District for the State of Nevada on July 10, 2012, against HSBC Bank USA and GMAC Mortgage, LLC., alleging (1) declaratory relief, (2) deceptive business practices, (3) defective foreclosure in violation of NRS § 107, and (4) an accounting. On July 12, 2012, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction to enjoin Defendants from proceeding with the July 16, 2012, foreclosure sale. (Dkt. no. 1-D.) Plaintiffs recorded a Notice of Lis Pendens on July 13, 2012. (Dkt. no. 1-F.) The request for a temporary restraining order was granted in state court, and a hearing on Plaintiffs' Motion for Preliminary Injunction was set for July 19, 2012. (Dkt. no. 1-C.) Defendants removed the case to this Court on the same day. (Dkt. no. 1.) The temporary restraining has subsequently expired. (*Id.*)

The foreclosure sale was subsequently rescheduled to August 17, 2012. (Dkt. no. 14 at 3.) Plaintiffs filed this *ex parte* motion on August 10, 2012.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 allows a court to issue a temporary restraining order and preliminary injunction. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the

plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22, 32 (2008). To obtain injunctive relief, such as a preliminary injunction or a temporary restraining order, a plaintiff must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Id.* at 20; *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

In addition, Local Rule 7–5(b) states, "[a]ll ex parte motions applications or requests shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties." Local Rule 7-5(d) also requires that all requests for emergency relief shall be accompanied by an affidavit setting forth the nature of the emergency, contact information for all affected parties, and a statement by the movant describing their efforts to resolve this matter without Court action and, in an ex parte motion, a statement concerning why the movant was unable to notify the other affected parties. Plaintiffs have failed to comply with these provisions. The Court nevertheless will proceed to consider the merits of Plaintiffs' Application.

### III.  DISCUSSION

#### A.  Likelihood of Success on the Merits

##### 1.  Defective foreclosure under § NRS 107

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020. Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of default and election to sell. NRS § 107.080(2)(c). A copy of the notice of default and election to sell must be mailed to the residents by registered mail or certified mail with return receipt requests.

NRS § 107.080(3).  The trustee or other person authorized to make the sale must wait at least three months after recording the notice of default and election to sell before the sale may proceed.  NRS § 107.080(2)(d).  After the three-month period, the trustee must give notice of the time and place of the sale to each trustor by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor.  NRS § 107.080(4)(a).  Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section."  NRS § 107.080(5)(a).  A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees.  *Gomez v. Countrywide Bank, FSB*, No. 09-1489, 2009 WL 3617650, at *1 (D. Nev. Oct. 26, 2009).  As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure.  *Id.* at *2.

In this case, the proper entities foreclosed on the Property in the proper order.  MERS was given authority in the Deed of Trust to assign beneficial interest in the Deed of Trust to others. (Dkt. no. 10-B.)  As a nominee, MERS also had the authority to act on behalf of the holder of the note to execute a substitution of trustee. *See Gomez*, 2009 WL 3617650, at *1; *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010) ("[S]o long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is simply no defect in foreclosure, at least in states such as Nevada where a trustee may foreclose non-judicially.").  Pursuant to this authority, on February 10, 2011, MERS assigned all beneficial interest under the Deed of Trust to HSBC. (Dkt. no. 10-C.)  On June 9, 2011, HSBC substituted ETS as trustee of the Deed of Trust.  (Dkt. no. 10-D.)  On June 22, 2011, ETS, as trustee, executed a notice of default. (Dkt. no. 10-E.)

Under NRS § 107.080(3), a copy of the notice of default and election to sell must be mailed to the borrower by registered mail or certified mail with return receipt requested. All that is required is that the foreclosing party mails the notice of default to the plaintiff; the foreclosing party has no duty to ensure that the notice of default was actually received. *Corn v. Recontrust Co., N.A.*, No. 10-136, 2011 WL 1135943, at *5 (D. Nev. Mar. 24, 2011); *see also Hankins v. Adm'r of Veterans Affairs*, 555 P.2d 483, 484 (Nev. 1976) (mailing of the notices is all that the statute requires and their mailing presumes that they were received). A defendant may prove the notice of default was actually mailed by affidavits and certificates of posting. *Corn*, 2011 WL 1135943, at *5. Defendants here have shown the notice of default was properly executed and recorded. (Dkt. no. 10-E.) Although it is not clear that the notice of default was actually mailed to Plaintiffs, because Defendants properly executed and recorded the notice of default it seems more than likely that the mailing occurred. *See Tapia v. California Reconveyence Co.*, No. 12-105, 2012 WL 424853, at *5 (D. Nev. Feb. 9, 2012). Moreover, the Complaint does not allege that Plaintiffs were not sent a copy of the notice of default.

Plaintiffs argue that the foreclosure was statutorily defective because their Note was split from the Deed of Trust. However, the theory that a party is not entitled to foreclose because the note was split from the deed of trust has been repeatedly rejected by this Court and the Ninth Circuit. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co., LLC*, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*, No. 10-1577, 2012 WL 214302, at *4 (D. Nev. Jan. 24, 2012); *Wittrig v. First Nat'l Bank of Nev.*, No. 11-131, 2011 WL 5598321, at *5-6 (D. Nev. Nov. 15, 2011).

Plaintiffs further allege that Defendants engaged in fraud by making false representations in public notices and records, including in the Assignment and in the Substitution of Trustee. (Dkt. no. 14.) The gravamen of Plaintiffs' fraud claim is that the Assignment intentionally misrepresented that HSBC had acquired an interest in the Note, since MortgageIT "never sold, transferred, or granted the Note and Deed of Trust

to HSBC Bank, and HSBC Bank is merely a third-party stranger to the loan transaction." (Dkt. no. 14 at ¶ 3.)  Plaintiffs further argue that the Assignment is fraudulent since it occurred years after the 2007 closing date. These arguments are meritless. MortgageIT's rights in the Deed of Trust were validly assigned to HSBC by MERS, its nominee and agent. *See Weingartner*, 702 F. Supp. 2d at 1279 ("In the context of a nominee on a deed of trust . . . the nominee is granted authority as an agent to act on behalf of the nominator (holder of the promissory note) as to administration of the deed of trust, which would include authority for substitution of trustees").  HSBC thus had a right to substitute the original trustee with ETS.  Plaintiffs have not demonstrated that the relevant documents to this action are fraudulent or were filed with intent to misrepresent.

For these reasons, Plaintiffs are unlikely to succeed on the merits of their claim for defective foreclosure under NRS § 170.

### 2. Deceptive business practices

Plaintiffs claim that Defendants' deceptive conduct beached their obligations under NRS §§ 598, *et. seq.*  This section, including NRS § 598.0915 and § 598.092, deal with goods and services, not real estate.  See NRS § 598.0915(1)-(15) (2011) (describing deceptive trade practices dealing with goods or services); NRS § 598.092(8) (2011) (same); *see also Reyna v. Wells Fargo Bank, N.A.,* No. 10–1730, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011) (finding that NRS § 598 only applies to goods and services and not real estate transactions); *Alexander v. Aurora Loan Serv.*, No. 09–1790, 2010 WL 2773796, at *2 (D. Nev. July 8, 2012) (finding that NRS § 598 does not provide relief for claims that deal with real estate transactions because NRS § 598 is for the sale of goods and services).

Here, Plaintiffs allege deceptive trade practices in connection with mortgage documents which do not involve the sale or lease of goods and services.  Therefore, many of the sections under NRS § 598 do not apply to the present case.  Even if they did, Plaintiffs cannot demonstrate that the foreclosure documents at issue are fraudulent, and do not do so with the required particularity as set forth in Fed. R. Civ. P. 9(b).

Plaintiffs are thus not likely to demonstrate that Defendants engaged in deceptive business practices.

### 3. Accounting

An action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells Fargo*, No. 10-880, 2010 WL 4102943, at *3 (D. Nev. Oct. 18, 2010). A claim for accounting must be "tethered to relevant actionable claims." *Hafiz v. GreenPoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043–44 (N.D. Cal. 2009). Absent special circumstances, no such relationship exists between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865, 882 (9th Cir. 2007).

Plaintiffs allege that HSBC and its agents have held themselves out to be Plaintiffs' creditor, and Plaintiffs have tendered mortgage payments to HSBC without being obligated to. First, as discussed above, Plaintiffs have failed to demonstrate that HSBC is an invalid beneficiary under the Deed of Trust. Second, Plaintiffs have failed to allege any special circumstances that would create the requisite fiduciary relationship between them as borrowers and one or more Defendants as lenders. *See McCurdy*, 2010 WL 4102943, at *3 (dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust). Accordingly, Plaintiffs cannot demonstrate a likelihood of success on the merits on their fourth cause of action.

### 4. Declaratory relief

Declaratory relief is not a separate cause of action, but dependent on the merits of Plaintiff's substantive claims. *See Stock West, Inc. v. Confederated Tribes of the Coville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989*); In re Wal-Mart Wage & Hour Employ. Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). As Plaintiffs are unlikely to succeed on any of their substantive claims for relief, they are also unlikely to succeed on this dependent claim.

///

///

**B.     Irreparable harm, balance of equities, and public interest**

Plaintiffs cannot demonstrate a likelihood of success on the merits.  Though a foreclosure sale would undoubtedly cause Plaintiffs irreparable harm, the Court finds that the balance of equities and the public interest do not weigh in favor of granting extraordinary relief to Plaintiffs.

**IV.    CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs Cecilia Dela Cruz and Herohito Dela Cruz's Ex Parte Application for Temporary Restraining Order (dkt. no. 14) is DENIED.

ENTERED THIS 15th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE