UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CECILIA DELA CRUZ and HEROHITO DELA CRUZ,<br><br>                        Plaintiffs,<br>   v.<br>HSBC BANK USA, N.A., et al.,<br><br>                        Defendants. | Case No. 2:12-cv-01283-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 9;<br>Def.'s Motion to Dismiss – dkt. no. 23;<br>Def.'s Motion to Strike – dkt. no. 24) |

Before this Court are Defendant HSBC Bank USA, N.A., as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-4's ("HSBC") Motions to Dismiss (dkt. nos. 9 and 23), as well as HSBC's Motion to Strike (dkt. no. 24).

**I.    BACKGROUND**

Plaintiffs Cecilia Dela Cruz and Herohito Dela Cruz purchased real property located at 820 Windhook Street, Las Vegas, Nevada 89144 ("the Property") on July 30, 2007. (Dkt. no. 10-A.) To finance the purchase of the Property, Plaintiffs obtained a loan of $248,000 from MortgageIT, Inc. ("the Loan"), which was secured by a deed of trust ("the Deed of Trust"). (Dkt. no. 10-B.) The Deed of Trust names MortgageIT, Inc. as lender, Title One as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee. (*Id.*)

Plaintiff defaulted on the Loan by failing to make the mortgage payments starting on November 1, 2010.  On February 10, 2011, MERS assigned the Deed of Trust to HSBC. (Dkt. no. 10-C.)  The Assignment was recorded on February 18, 2011. (*Id.*)  On June 9, 2011, HSBC substituted Executive Trustee Services ("ETS") as trustee under the Deed of Trust.  (Dkt. no. 10-D.)  The Substitution of Trustee was recorded on June 23, 2011. (*Id.*)

ETS executed a notice of default on June 22, 2011, which was recorded on June 23, 2011 ("Notice of Default").  (Dkt. no. 10-E.)  Because Plaintiffs failed to cure the default, ETS recorded a Certification of the State of Nevada Foreclosure Mediation Program on June 12, 2012 (dkt. no. 10-F), and recorded a Notice of Trustee's Sale on June 21, 2012 (dkt. no. 10-G).  The Notice of Trustee's Sale scheduled a sale date of July 16, 2012.  (*Id.*)

Plaintiffs filed a complaint in the Eighth Judicial District for the State of Nevada on July 10, 2012, against HSBC Bank USA and GMAC Mortgage, LLC., alleging (1) declaratory relief, (2) deceptive business practices, (3) defective foreclosure in violation of NRS § 107, and (4) an accounting.  On July 12, 2012, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction to enjoin Defendants from proceeding with the July 16, 2012, foreclosure sale.  (Dkt. no. 1-D.)  Plaintiffs recorded a Notice of Lis Pendens on July 13, 2012.  (Dkt. no. 1-F.)  The request for a temporary restraining order was granted in state court, and a hearing on Plaintiffs' Motion for Preliminary Injunction was set for July 19, 2012.  (Dkt. no. 1-C.)  Defendants removed the case to this Court on the same day.  (Dkt. no. 1.)  The temporary restraining has subsequently expired.  (*Id.*)

The foreclosure sale was subsequently rescheduled to August 17, 2012.  (Dkt. no. 14 at 3.)  On August 6, 2012, HSBC filed its first Motion to Dismiss.  (Dkt. no. 9.)  Thereafter, Plaintiffs filed an *ex parte* motion for a temporary restraining order on August 10, 2012.  (Dkt. no. 14.)  The Court denied the Plaintiffs' motion.  (Dkt. no. 16.)  Plaintiffs subsequently filed an Amended Complaint on August 24, 2012.  (Dkt. no. 20.)  HSBC

2

1  brought a second Motion to Dismiss on September 10, 2012, as well as a Motion to
2  Strike Jury Demand.  (Dkt. nos. 23 and 24.)

3  **II.    LEGAL STANDARD**

4  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which
5  relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide
6  "a short and plain statement of the claim showing that the pleader is entitled to relief."
7  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While
8  Rule 8 does not require detailed factual allegations, it demands more than "labels and
9  conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v.
10 Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
11 "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550
12 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient
13 factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at
14 678 (internal citation omitted).

15 In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to
16 apply when considering motions to dismiss.  First, a district court must accept as true all
17 well-pled factual allegations in the complaint; however, legal conclusions are not entitled
18 to the assumption of truth.  *Id.* at 679.  Mere recitals of the elements of a cause of action,
19 supported only by conclusory statements, do not suffice.  *Id.* at 678.  Second, a district
20 court must consider whether the factual allegations in the complaint allege a plausible
21 claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint
22 alleges facts that allow a court to draw a reasonable inference that the defendant is
23 liable for the alleged misconduct.  *Id.* at 678.  Where the complaint does not permit the
24 court to infer more than the mere possibility of misconduct, the complaint has "alleged –
25 but not shown – that the pleader is entitled to relief."  *Id.* at 679 (internal quotation marks
26 omitted).  When the claims in a complaint have not crossed the line from conceivable to
27 plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.
28 ///

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

## III.     DISCUSSION

To begin with, HSBC's first Motion to Dismiss is denied as moot, since Plaintiffs timely filed an Amended Complaint within 21 days after HSBC's Rule 12(b)(6) Motion. *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend its pleading once as a matter of course within 21 days after service of a Rule 12(b)(6) motion). As HSBC's second Motion to Dismiss governs the viability of the Amended Complaint, the Court denies as moot HSBC's first dismissal request.

Plaintiffs bring a statutory defective foreclosure claim under NRS § 107.080, a Truth in Lending Act claim, and a Fair Debt Collection Practices Act claim. For the foregoing reasons, all are dismissed with prejudice.

### A.     Defective Foreclosure Under § NRS 107

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt." NRS § 107.020. Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of default and election to sell. NRS § 107.080(2)(c). A copy of the notice of default and election to sell must be mailed to the residents by registered mail or certified mail with return receipt requests. NRS § 107.080(3). The trustee or other person authorized to make the sale must wait at least three months after recording the notice of default and election to sell before the sale may proceed. NRS § 107.080(2)(d). After the three-month period, the trustee must

give notice of the time and place of the sale to each trustor by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor. NRS § 107.080(4)(a). Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section." NRS § 107.080(5)(a). A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, No. 09-1489, 2009 WL 3617650, at *1 (D. Nev. Oct. 26, 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure. *Id.* at *2.

As set out in the Court's August 16, 2012, Order denying Plaintiffs' request for a temporary restraining order, the proper entities foreclosed on the Property in the proper order. MERS was given authority in the Deed of Trust to assign beneficial interest in the Deed of Trust to others. (Dkt. no. 10-B.) As a nominee, MERS also had the authority to act on behalf of the holder of the note to execute a substitution of trustee. *See Gomez*, 2009 WL 3617650, at *1; *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010) ("[S]o long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is simply no defect in foreclosure, at least in states such as Nevada where a trustee may foreclose non-judicially."). MortgageIT's rights in the Deed of Trust were validly assigned to HSBC by MERS, its nominee and agent. *See Weingartner*, 702 F. Supp. 2d at 1279 ("In the context of a nominee on a deed of trust . . . the nominee is granted authority as an agent to act on behalf of the nominator (holder of the promissory note) as to administration of the deed of trust, which would include authority for substitution of trustees"). Pursuant to the authority given to MERS, on February 10, 2011, MERS assigned all beneficial interest under the Deed of Trust to

HSBC.  (Dkt. no. 10-C.)  On June 9, 2011, HSBC substituted ETS as trustee of the Deed of Trust.  (Dkt. no. 10-D.)  On June 22, 2011, ETS, as trustee, executed a notice of default.  (Dkt. no. 10-E.)  HSBC thus had a right to substitute the original trustee with ETS, and ETS's initiation of foreclosure proceedings comported with Nevada law.

Plaintiffs appear to allege in their Amended Complaint that the foreclosure was statutorily defective because their Note was split from the Deed of Trust.  However, the theory that a party is not entitled to foreclose because the note was split from the deed of trust has been repeatedly rejected by this Court and the Ninth Circuit.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co., LLC*, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*, No. 10-1577, 2012 WL 214302, at *4 (D. Nev. Jan. 24, 2012); *Wittrig v. First Nat'l Bank of Nev.*, No. 11-131, 2011 WL 5598321, at *5-6 (D. Nev. Nov. 15, 2011).

Plaintiffs also appear to argue that the improper securitization of Plaintiffs' home precludes HSBC from the right to foreclose.  To the extent that Plaintiffs' NRS § 107.080 claims are premised on improper securitization, the claim fails.  *See Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-325-RLF-LRL, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010) (holding that N.R.S. § 107.080 does not forbid the securitization of a loan); *Byrd v. Meridian Foreclosure Serv.*, No. 2:11-cv-096-KJD-PAL, 2011 WL 1362135, at *3 (D. Nev. Apr. 8, 2011) (court dismissed securitization claim because Nevada does not impose a legal duty on lender to inform the borrower of securitization).

Plaintiffs further allege that Defendants engaged in fraud by making false representations in public notices and records, including in the Assignment and in the Substitution of Trustee. (Dkt. no. 14.)   However, Plaintiffs provide nothing more than mere conclusory allegations of this fraud.  Having failed to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) with respect to fraud, the Court does not give weight to Plaintiffs' allegations of fraud.

///

For the reasons set forth above, Plaintiffs' statutory defective foreclosure claim under NRS § 107.080 is dismissed with prejudice.

### B. Truth in Lending Act Claim

Plaintiffs' Truth in Lending Act Claim is based on the alleged failure to provide Plaintiffs with notice of their mortgage's Assignment. *See* 15 U.S.C. § 1641(g). Any claim arising under the Federal Truth in Lending Act ("TILA") is limited by a one-year statute of limitations. 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 915 (9th Cir.1986) (explaining that the limitations period runs from the date of the transaction). Here, the Assignment occurred on February 10, 2011, and was recorded on February 18, 2011. Plaintiffs were required to bring a TILA claim by February 18, 2012, unless the statute of limitations is equitably tolled. Plaintiffs filed this action on July 20, 2012, over five months after the cut-off date. However, they allege in their Amended Complaint that the statute of limitations tolled as they were not aware of the Assignment until meeting with their attorney in May 2012. (Dkt. no. 20 at ¶ 66.)

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." *King*, 784 F.2d at 914-15. District courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and "to adjust the limitations period accordingly." *Id.* at 915. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). When, however, a plaintiff does not allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003) (refusing to toll statute of limitations on TILA claim because plaintiff was in full

///

possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations).

Here, there is no basis to equitably toll the statute of limitations, as Plaintiffs request, since the recording of the Assignment provided Plaintiffs with constructive notice of the Assignment for the entire duration of statute-of-limitations period. Plaintiffs have not demonstrated any circumstances that would justify tolling their claim. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-46 (9th Cir. 2011) (declining to equitably toll statute of limitations where plaintiffs failed to allege "circumstances beyond their control" that prevented them from appreciating any alleged violation).

### C. Federal Debt Collection Practices Act

Plaintiffs claim a violation of 15 U.S.C. § 1692, *et seq.*, but this claim fails as a matter of law because non-judicial foreclosure does not constitute debt collection under the Act. "Foreclosure does not constitute debt collection under the Fair Debt Collection Practices Act ('FDCPA')." *Smith v. Cmty. Lending, Inc.*, 773 F.Supp.2d 941, 944 (D. Nev. 2011). "Although the Ninth Circuit has not ruled on the question, the district courts of this Circuit have held that the foreclosure of a mortgage in and of itself does not constitute debt collection as contemplated by the FDCPA." *Id.*; *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (9th Cir. 2009). Accordingly, this claim is dismissed.

### D. Declaratory relief

Declaratory relief is not a separate cause of action, but dependent on the merits of Plaintiff's substantive claims. *See Stock West, Inc. v. Confederated Tribes of the Coville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989*); In re Wal-Mart Wage & Hour Employ. Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). As Plaintiffs cannot state a claim under any of their causes of action, their request for declaratory judgment is dismissed.

///

## IV.     CONCLUSION

IT IS HEREBY ORDERED that Defendant HSBC's Motion to Dismiss (dkt. no. 9) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant HSBC's second Motion to Dismiss (dkt. no. 23) is GRANTED with prejudice.

IT IS FURTHER ORDERED that Defendant HSBC's Motion to Strike (dkt. no. 24) is DENIED as moot.

ENTERED THIS 6th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE