1
2
3
4
5
6
7
8

9                    UNITED STATES DISTRICT COURT

10                        DISTRICT OF NEVADA

11                                * * *

12   CECILIA DELA CRUZ and HEROHITO            Case No. 2:12-cv-01283-MMD-PAL
     DELA CRUZ,
13
                            Plaintiffs,              AMENDED ORDER
14        v.
                                               (Def.'s Motion to Dismiss – dkt. no. 9;
15   HSBC BANK USA, N.A., et al.,               Def.'s Motion to Dismiss – dkt. no. 23;
                                                 Def.'s Motion to Strike – dkt. no. 24)
16                          Defendants.

17

18        Before this Court are Defendant HSBC Bank USA, N.A., as Trustee for Deutsche

19   Alt-A Securities Mortgage Loan Trust, Series 2007-4's ("HSBC") Motions to Dismiss (dkt.

20   nos. 9 and 23), as well as HSBC's Motion to Strike (dkt. no. 24).

21   **I.    BACKGROUND**

22        Plaintiffs Cecilia Dela Cruz and Herohito Dela Cruz purchased real property

23   located at 820 Windhook Street, Las Vegas, Nevada 89144 ("the Property") on July 30,

24   2007.  (Dkt. no. 10-A.)  To finance the purchase of the Property, Plaintiffs obtained a

25   loan of $248,000 from MortgageIT, Inc. ("the Loan"), which was secured by a deed of

26   trust ("the Deed of Trust").  (Dkt. no. 10-B.)  The Deed of Trust names MortgageIT, Inc.

27   as lender, Title One as trustee, and Mortgage Electronic Registration Systems, Inc.

28   ("MERS") as nominee.  (*Id.*)

1    Plaintiff defaulted on the Loan by failing to make the mortgage payments starting

2    on November 1, 2010.  On February 10, 2011, MERS assigned the Deed of Trust to

3    HSBC.  (Dkt. no. 10-C.)  The Assignment was recorded on February 18, 2011.  (*Id.*)  On

4    June 9, 2011, HSBC substituted Executive Trustee Services ("ETS") as trustee under

5    the Deed of Trust.  (Dkt. no. 10-D.)  The Substitution of Trustee was recorded on June

6    23, 2011.  (*Id.*)

7    ETS executed a notice of default on June 22, 2011, which was recorded on June

8    23, 2011 ("Notice of Default").  (Dkt. no. 10-E.)  Because Plaintiffs failed to cure the

9    default, ETS recorded a Certification of the State of Nevada Foreclosure Mediation

10   Program on June 12, 2012 (dkt. no. 10-F), and recorded a Notice of Trustee's Sale on

11   June 21, 2012 (dkt. no. 10-G).  The Notice of Trustee's Sale scheduled a sale date of

12   July 16, 2012.  (*Id.*)

13   Plaintiffs filed a complaint in the Eighth Judicial District for the State of Nevada on

14   July 10, 2012, against HSBC Bank USA and GMAC Mortgage, LLC. ("GMAC"), alleging

15   (1) declaratory relief, (2) deceptive business practices, (3) defective foreclosure in

16   violation of NRS § 107, and (4) an accounting.  On July 12, 2012, Plaintiffs filed a motion

17   for a temporary restraining order and preliminary injunction to enjoin Defendants from

18   proceeding with the July 16, 2012, foreclosure sale.  (Dkt. no. 1-D.)  Plaintiffs recorded a

19   Notice of Lis Pendens on July 13, 2012.  (Dkt. no. 1-F.)  The request for a temporary

20   restraining order was granted in state court, and a hearing on Plaintiffs' Motion for

21   Preliminary Injunction was set for July 19, 2012.  (Dkt. no. 1-C.)  Defendants removed

22   the case to this Court on the same day.  (Dkt. no. 1.)  The temporary restraining order

23   has subsequently expired.  (*Id.*)

24   The foreclosure sale was subsequently rescheduled to August 17, 2012.  (Dkt. no.

25   14 at 3.)  On August 6, 2012, HSBC filed its first Motion to Dismiss.  (Dkt. no. 9.)

26   Thereafter, Plaintiffs filed an *ex parte* motion for a temporary restraining order on August

27   10, 2012.  (Dkt. no. 14.)  The Court denied the Plaintiffs' motion.  (Dkt. no. 16.)  Plaintiffs

28   subsequently filed an Amended Complaint on August 24, 2012.  (Dkt. no. 20.)  HSBC

1    brought a second Motion to Dismiss on September 10, 2012, as well as a Motion to

2    Strike Jury Demand.  (Dkt. nos. 23 and 24.)  GMAC filed a joinder to HSBC's second

3    Motion to Dismiss, seeking dismissal of Plaintiffs' defective foreclosure and declaratory

4    judgment claims.[1]  The Court's decision below disposes of all claims against HSBC, as

5    well as the two above-referenced claims.

## II.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is

---

[1] Plaintiffs' remaining claims against GMAC are subject to an automatic stay imposed by ongoing bankruptcy proceedings.  (*See* dkt. no. 25.)

liable for the alleged misconduct.  *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief."  *Id.* at 679 (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory."  *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

**III.  DISCUSSION**

To begin with, HSBC's first Motion to Dismiss is denied as moot, since Plaintiffs timely filed an Amended Complaint within twenty-one (21) days after HSBC's Rule 12(b)(6) Motion.  *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend its pleading once as a matter of course within 21 days after service of a Rule 12(b)(6) motion).  As HSBC's second Motion to Dismiss governs the viability of the Amended Complaint, the Court denies as moot HSBC's first dismissal request.

Plaintiffs bring a statutory defective foreclosure claim under NRS § 107.080, a Truth in Lending Act claim, and a Fair Debt Collection Practices Act claim.  For the foregoing reasons, all are dismissed with prejudice.

**A.      Defective Foreclosure Under § NRS 107**

Nevada law provides that a deed of trust is an instrument that may be used to "secure the performance of an obligation or the payment of any debt."  NRS § 107.020.  Upon default, the beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property through a trustee's sale to satisfy the obligation.  NRS § 107.080(2)(c).

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080.  To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must execute and record a notice of default and election to

sell.  NRS § 107.080(2)(c).  A copy of the notice of default and election to sell must be mailed to the residents by registered mail or certified mail with return receipt requests. NRS § 107.080(3).  The trustee or other person authorized to make the sale must wait at least three months after recording the notice of default and election to sell before the sale may proceed.  NRS § 107.080(2)(d).  After the three-month period, the trustee must give notice of the time and place of the sale to each trustor by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor. NRS § 107.080(4)(a).  Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place if . . . [t]he trustee or other person authorized to make the sale does not substantially comply with the provisions of this section."   NRS § 107.080(5)(a).  A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees.  *Gomez v. Countrywide Bank, FSB*, No. 09-1489, 2009 WL 3617650, at *1 (D. Nev. Oct. 26, 2009).  As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure.  *Id.* at *2.

    As set out in the Court's August 16, 2012, Order denying Plaintiffs' request for a temporary restraining order, the proper entities foreclosed on the Property in the proper order.  MERS was given authority in the Deed of Trust to assign beneficial interest in the Deed of Trust to others. (Dkt. no. 10-B.)  As a nominee, MERS also had the authority to act on behalf of the holder of the note to execute a substitution of trustee. *See Gomez*, 2009 WL 3617650, at *1; *Weingartner v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010) ("[S]o long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is simply no defect in foreclosure, at least in states such as Nevada where a trustee may foreclose non-judicially.").  MortgageIT's rights in the Deed of Trust were validly assigned to HSBC by MERS, its nominee and agent. *See*

1    *Weingartner*, 702 F. Supp. 2d at 1279 ("In the context of a nominee on a deed of

2    trust . . . the nominee is granted authority as an agent to act on behalf of the nominator

3    (holder of the promissory note) as to administration of the deed of trust, which would

4    include authority for substitution of trustees").  Pursuant to the authority given to MERS,

5    on February 10, 2011, MERS assigned all beneficial interest under the Deed of Trust to

6    HSBC.  (Dkt. no. 10-C.)  On June 9, 2011, HSBC substituted ETS as trustee of the Deed

7    of Trust.  (Dkt. no. 10-D.)  On June 22, 2011, ETS, as trustee, executed a notice of

8    default.  (Dkt. no. 10-E.)  HSBC thus had a right to substitute the original trustee with

9    ETS, and ETS's initiation of foreclosure proceedings comported with Nevada law.

10   Plaintiffs appear to allege in their Amended Complaint that the foreclosure was

11   statutorily defective because their Note was split from the Deed of Trust.  However, the

12   theory that a party is not entitled to foreclose because the note was split from the deed

13   of trust has been repeatedly rejected by this Court and the Ninth Circuit.  *See Cervantes*

14   *v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX*

15   *Mortgage Co., LLC*, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v.*

16   *Saxon Mortgage Servs.*, No. 10-1577, 2012 WL 214302, at *4 (D. Nev. Jan. 24, 2012);

17   *Wittrig v. First Nat'l Bank of Nev.*, No. 11-131, 2011 WL 5598321, at *5-6 (D. Nev. Nov.

18   15, 2011).

19   Plaintiffs also appear to argue that the improper securitization of Plaintiffs' home

20   precludes HSBC from the right to foreclose.  To the extent that Plaintiffs' NRS § 107.080

21   claims are premised on improper securitization, the claim fails. *See Chavez v. Cal.*

22   *Reconveyance Co.*, No. 2:10-cv-325-RLF-LRL, 2010 WL 2545006, at *2 (D. Nev. June

23   18, 2010) (holding that N.R.S. § 107.080 does not forbid the securitization of a loan);

24   *Byrd v. Meridian Foreclosure Serv.*, No. 2:11-cv-096-KJD-PAL, 2011 WL 1362135, at *3

25   (D. Nev. Apr. 8, 2011) (court dismissed securitization claim because Nevada does not

26   impose a legal duty on lender to inform the borrower of securitization).

27   Plaintiffs further allege that Defendants engaged in fraud by making false

28   representations in public notices and records, including in the Assignment and in the

1   Substitution of Trustee. (Dkt. no. 14.)   However, Plaintiffs provide nothing more than
2   mere conclusory allegations of this fraud.  Having failed to meet the heightened pleading
3   requirements of Fed. R. Civ. P. 9(b) with respect to fraud, the Court does not give weight
4   to Plaintiffs' allegations of fraud.

5        For the reasons set forth above, Plaintiffs' statutory defective foreclosure claim
6   under NRS § 107.080 is dismissed with prejudice.

7        **B.    Truth in Lending Act Claim**

8        Plaintiffs' Truth in Lending Act Claim is based on the alleged failure to provide
9   Plaintiffs with notice of their mortgage's Assignment.  *See* 15 U.S.C. § 1641(g).  Any
10  claim arising under the Federal Truth in Lending Act ("TILA") is limited by a one-year
11  statute of limitations. 15 U.S.C. § 1640(e); *King v. California*, 784 F.2d 910, 915 (9th
12  Cir.1986) (explaining that the limitations period runs from the date of the transaction).
13  Here, the Assignment occurred on February 10, 2011, and was recorded on February
14  18, 2011.  Plaintiffs were required to bring a TILA claim by February 18, 2012, unless the
15  statute of limitations is equitably tolled.  Plaintiffs filed this action on July 20, 2012, over
16  five months after the cut-off date.  However, they allege in their Amended Complaint that
17  the statute of limitations tolled as they were not aware of the Assignment until meeting
18  with their attorney in May 2012.  (Dkt. no. 20 at ¶ 66.)

19       The Ninth Circuit has held that equitable tolling of claims for damages under TILA
20  may be appropriate "in certain circumstances," and can operate to "suspend the
21  limitations period until the borrower discovers or had reasonable opportunity to discover
22  the fraud or non-disclosures that form the basis of the TILA action."  *King*, 784 F.2d at
23  914-15.  District courts have discretion to evaluate specific claims of fraudulent
24  concealment and equitable tolling and "to adjust the limitations period accordingly."  *Id.*
25  at 915. "Because the applicability of the equitable tolling doctrine often depends on
26  matters outside the pleadings, it "is not generally amenable to resolution on a Rule
27  12(b)(6) motion." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.
28  1995).  When, however, a plaintiff does not allege any facts demonstrating that he or she

7

1  could not have discovered the alleged violations by exercising due diligence, dismissal

2  may be appropriate.  *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902-03 (9th

3  Cir. 2003) (refusing to toll statute of limitations on TILA claim because plaintiff was in full

4  possession of all loan documents and did not allege any concealment of loan documents

5  or other action that would have prevented discovery of the alleged TILA violations).

6        Here, there is no basis to equitably toll the statute of limitations, as Plaintiffs

7  request, since the recording of the Assignment provided Plaintiffs with constructive

8  notice of the Assignment for the entire duration of statute-of-limitations period.  Plaintiffs

9  have not demonstrated any circumstances that would justify tolling their claim.  *See*

10  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-46 (9th Cir. 2011)

11  (declining to equitably toll statute of limitations where plaintiffs failed to allege

12  "circumstances beyond their control" that prevented them from appreciating any alleged

13  violation).

14        **C.    Federal Debt Collection Practices Act**

15        Plaintiffs claim a violation of 15 U.S.C. § 1692, *et seq.*, but this claim fails as a

16  matter of law because non-judicial foreclosure does not constitute debt collection under

17  the Act.  "Foreclosure does not constitute debt collection under the Fair Debt Collection

18  Practices Act ('FDCPA')."  *Smith v. Cmty. Lending, Inc.*, 773 F.Supp.2d 941, 944 (D. Nev.

19  2011).  "Although the Ninth Circuit has not ruled on the question, the district courts of this

20  Circuit have held that the foreclosure of a mortgage in and of itself does not constitute

21  debt collection as contemplated by the FDCPA."  *Id.*; *see also Mansour v. Cal-Western*

22  *Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (9th Cir. 2009).  Accordingly, this

23  claim is dismissed.

24        **D.    Declaratory relief**

25        Declaratory relief is not a separate cause of action, but dependent on the merits

26  of Plaintiff's substantive claims.  *See Stock West, Inc. v. Confederated Tribes of the*

27  *Coville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989*); In re Wal-Mart Wage & Hour*

28  *Employ. Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007).   As Plaintiffs

cannot state a claim under any of their causes of action, their request for declaratory judgment is dismissed.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that Defendant HSBC's Motion to Dismiss (dkt. no. 9) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant HSBC's second Motion to Dismiss (dkt. no. 23) is GRANTED with prejudice.   All claims against HSBC and GMAC are dismissed, with the exception of the two claims against GMAC that are subject to the automatic bankruptcy stay.

IT IS FURTHER ORDERED that Defendant HSBC's Motion to Strike (dkt. no. 24) is DENIED as moot.

ENTERED THIS 23rd day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE